IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL LANAHAN | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-15-2133 |
| DR. HELSEL, and | * | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM

On July 22, 2015, petitioner Daniel Lanahan. filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 2005 convictions.[1] ECF 1. On December 8, 2015, respondents filed an answer which solely addresses the timeliness of Lanahan's application. ECF 5. Lanahan was advised of his opportunity to file a reply (ECF 6) and has done so. ECF 7.[2]

Lanahan was convicted in the Circuit Court for Baltimore County, Maryland of second degree assault and firearms offenses. ECF 1; ECF 5-1. He received a term of years sentence but was released to probation. ECF 5-1. Lanahan did not appeal. As such his judgment became final on July 6, 2005. *See* Md. Rule 8-202 (notice of appeal to be filed within 30 days after entry of judgment or order form which the appeal is sought). Lanahan's timely filed motion for modification of sentence was denied on August 4, 2005. *Id.* Lanahan did not institute state post-conviction proceedings. *Id.*

---

[1] The Petition, received on July 22, 2015, is dated July 16, 2015, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988);

[2] The court is also in receipt of numerous additional letters from Lanahan. ECF 8-30.

1

On January 17, 2008, Lanahan was found guilty of probation violation and sentenced to serve five years incarceration. ECF 5-1, pp. 3-4, 8. He did not file an application for leave to appeal. As such the judgment became final on February 19, 2008. *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days after entry of judgment or order from which the appeal is sought).

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Lanahan's judgment of conviction became final on July 6, 2005. The limitations period

2

began to run, at the latest on August 4, 2005, when his motion for modification of sentence was denied. Lanahan had no properly filed post-conviction proceedings pending which would have tolled the limitations period. To the extent Lanahan is challenging his violation of probation, his petition is nevertheless untimely. Lanahan's probation violation proceedings became final on February 19, 2008, and no proceedings have been filed since then which would have tooled the limitations period.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) citing *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, petitioner in the instant case must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

In his response, Lanahan indicates he has done his best to explain the difficulties in his underlying criminal case. ECF 7. Lanahan's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation); *Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA

3

amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant...If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Lanahan does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts. A separate Order follows.

_9/8/16_
Date

_J. Frederick Motz_
J. Frederick Motz
United States District Judge